IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**LOWELL N. PAYNE, JR.,**

      **Plaintiff,**

  v.                                       **Civil Action 2:16-cv-965**
                                               **Chief Judge Edmund A. Sargus, Jr.**
                                               **Magistrate Judge Jolson**

**GARY MOHR, et al.,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On October 6, 2016, Plaintiff moved for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). (Doc. 1). Plaintiff's motion for leave did not include a certified copy of his trust fund account statement, which is required by 28 U.S.C. § 1915(a)(2). On October 11, 2016, the Court directed Plaintiff to submit to the Court within 30 days a certified copy of his trust fund account statement from the prison cashier in compliance with 28 U.S.C. § 1915(a)(2). (Doc. 2). The Court informed Plaintiff that his failure to follow the Court's direction would require the Court to "presume that the prisoner is not a pauper, . . . assess the inmate the full amount of fees[,] . . . [and] then order the case dismissed for want of prosecution." (*Id.* (quoting *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)). Plaintiff filed an objection to the Court's Order on October 24, 2016. Plaintiff's objection was unclear, but it conveyed a belief that 28 U.S.C. §1915(a)(2) was inapplicable to him, since he "is not a prisoner as defined by both state and federal remedial law." (*Id.* at 1).

On October 27, 2016, the Court confirmed that Plaintiff was, indeed, a "prisoner" as defined in 28 U.S.C. § 1915. (Doc. 5). The Court also informed Plaintiff, once again, that in order to proceed *in forma pauperis*, he had until November 11, 2016 to submit "a certified account statement from the prison cashier that complies with 28 U.S.C. § 1915(a)(2)." (*Id.* at 2). Plaintiff has failed to submit a certified copy of his trust fund account statement in accordance with the Court's October 27, 2016 Order. Accordingly, it is RECOMMENDED that Plaintiff's motion for leave to proceed *in forma pauperis* be denied (Doc. 1) and that this action be DISMISSED for failure to prosecute and comply with the Court's Orders.

Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: December 6, 2016                                        /s/ Kimberly A. Jolson
                                                             KIMBERLY A. JOLSON
                                                             UNITED STATES MAGISTRATE JUDGE