UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOWELL N. PAYNE, JR.,

        Plaintiff,                      Case No. 2:16-cv-965
                                       CHIEF JUDGE EDMUND A. SARGUS, JR.
    v.                                 Magistrate Judge Kimberly A. Jolson

GARY MOHR, et al.,

        Defendants.

## OPINION AND ORDER

Plaintiff Lowell N. Payne, Jr. objects to the Magistrate Judge's recommendation that his Motion for Leave to Proceed in Forma Pauperis be denied and that this case be dismissed for Plaintiff's failure to prosecute and comply with the Court's Orders. For the following reasons, Plaintiff's Objection [ECF No. 8] is **OVERRULED**, the Magistrate Judge's Report and Recommendation [ECF No. 6] is **ADOPTED** and **AFFIRMED**, Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 1] is **DENIED**, and this case is **DISMISSED**.

I.

Plaintiff moved for leave to proceed in forma pauperis on October 6, 2016. (Mot. at 1 [ECF No. 1].) Plaintiff did not include with his Motion a certified copy of his trust fund account statement as required under 28 U.S.C. § 1915(a)(2). (*See generally id.*) The Magistrate Judge, accordingly, issued an Order directing Plaintiff to file a copy of his account statement within thirty (30) days. (Oct. 11, 2016 Order at 1 [ECF No. 2].) The Magistrate Judge warned that if Plaintiff failed to comply with the Order, the Court would "'presume that the prisoner is not a pauper, . . . assess the inmate the full amount of fees[,] . . . [and] then order the case dismissed

for want of prosecution.'" (*Id.* (quoting *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1132 (6th Cir. 1997)).)

Rather than filing a certified copy of his trust fund account statement, Plaintiff objected to the Magistrate Judge's Order. (Oct. 24, 2016 Obj. at 1 [ECF No. 3].) Plaintiff insisted that he is not a prisoner and that, therefore, he need not comply with § 1915(a)(2). (*See id.*) In a subsequent Order, the Magistrate Judge explained that Plaintiff is a prisoner as defined by 28 U.S.C. § 1915(h). (Oct. 27, 2016 Order at 2 [ECF No. 5].) And as a prisoner, Plaintiff must, in order to proceed in forma pauperis, file a certified account statement from the prison cashier that complies with § 1915(a)(2). (*Id.*) The Magistrate Judge again warned Plaintiff that his failure to comply would result in the Court assessing the full amount of filing fees and ordering the case dismissed for want of prosecution. (*Id.* at 1–2.)

Plaintiff, again, failed to file a certified copy of his trust fund account statement and, so, on December 6, 2016, the Magistrate Judge issued a Report and Recommendation [ECF No. 6] recommending that the Court (i) deny Plaintiff's Motion for Leave to Proceed in Forma Pauperis and (ii) dismiss this action for failure to prosecute and for failure to comply with the Court's Orders.

Plaintiff objects to this recommendation. (Dec. 21, 2016 Obj. at 1 [ECF No. 8].) In addition to making various inchoate assertions, Plaintiff contends that he is not a prisoner and insists that the Court has no authority to sua sponte dismiss his action. (*See id.* at 1–4.)

## II.

### A.   Standard of Review

If a party timely objects to a report and recommendation, 28 U.S.C. § 636(b)(1)(C) provides that a district court "shall make a de novo determination of those portions of the report

2

or specified proposed findings or recommendations to which objection is made." *See also* Fed. R. Civ. P. 72(b)(3); *United States v. Curtis*, 237 F.3d 598, 602–03 (6th Cir. 2001). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

Plaintiff represents himself in this matter. A pro se litigant's pleadings are to be construed liberally and have been held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). A court should make a reasonable attempt to read the pleadings of a pro se litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). Even so, pro se plaintiffs must still comply with the procedural rules that govern civil cases. *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted as to excuse mistakes by those who proceed without counsel.").

## B.    Plaintiff's Objection

### 1.    Discernible Arguments

As to Plaintiff's first discernible argument—that he is not a prisoner and, therefore, has no obligation to comply with the Magistrate Judge's Order directing him to file a copy of his account statement—the Court concurs with the Magistrate Judge's assessment that Plaintiff is a prisoner. (*See* Oct. 27, 2016 Order at 2 [ECF No. 5].) Section 1915(h) defines a "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of

3

parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h). And as the Magistrate Judge explained,

> [a]lthough Plaintiff is housed in a medical facility, he is incarcerated after having been convicted of and sentenced for violations of criminal laws. *See State v. Payne*, 2nd Dist. Montgomery No. 18515, 2001 WL 257840 (Mar. 16, 2001) (reflecting Plaintiff's conviction for "three counts of rape in violation of R.C. 2907.02(A)(1)(b) (rape of a person under the age of thirteen) and three counts of rape in violation of R.C. 2907.02(A)(2) (sexual conduct compelled by force or threat of force)").

(Oct. 27, 2016 Order at 2.) Plaintiff does not, in his Objection, dispute the fact that he is incarcerated for his rape convictions. (*See* Dec. 21, 2016 Obj. at 1–4 [ECF No. 8].) He is, accordingly, a prisoner, as defined by § 1915(h) and, consequently, must file a certified copy of his trust found account statement, as the Magistrate Judge ordered, to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a)(2).

Plaintiff avers that his status as a prisoner must be proven by Defendants. (*See* Dec. 21, 2016 Obj. at 3.) Plaintiff, however, offers no legal support for this assertion—nor could he. A defendant is not obligated under 28 U.S.C. § 1915 to prove that a plaintiff attempting to proceed in forma pauperis is a prisoner. Whether an individual is a prisoner under that statute is a matter for the Court to determine. *See Geiger v. Prison Realty Trust, Inc.*, 13 F. App'x 313, 315 (6th Cir. 2001) ("Contrary to Geiger's contention, he clearly meets the definition of 'prisoner' found in § 1915(h), as he is confined in a facility and has been convicted of and sentenced for a criminal offense."); *Clark v. Spahr*, No. 2:08-cv-166 2008 WL 2977883, at *1 (S.D. Ohio Apr. 11, 2008) (determining that the plaintiff is a prisoner and is, therefore, subject to the filing fee assessment provisions of § 1915(a)(2)).

Plaintiff's second argument—that the Court has no authority to sua sponte dismiss his case—also falls flat. The Court may involuntarily dismiss an action under Federal Rule of Civil

4

Procedure 41(b) "if a plaintiff fails to prosecute his case or to comply with a court order." *Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008). "Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." *Id.* at 375 n.4.

Finally, although the details of his argument are somewhat unclear, Plaintiff appears to lodge a broader objection to the appropriateness of dismissal as a sanction. (*See* Dec. 21, 2016 Obj. at 1–4 [ECF No. 8].) The dismissal of a claim for failure to prosecute is "'a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff.'" *Carthon v. Cent. State Univ.*, 290 F.R.D. 83, 87 (S.D. Ohio 2013) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008)). To assess whether involuntary dismissal is appropriate, the Sixth Circuit applies a four-factor test:

> 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Rogers*, 302 F. App'x at 376 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)).

Involuntary dismissal is appropriate here. Plaintiff has twice failed to comply with the Magistrate Judge's directive that he file a certified copy of his trust fund account statement. The Court considers these failures to be willful given that Plaintiff objected to the initial Order, was corrected on his erroneous legal position by the Magistrate Judge, and then still neglected to file

5

a copy of his account statement. *Cf. Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) ("For a plaintiff's actions to be motivated by bad faith, willfulness, or fault, his conduct 'must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [his] conduct on those proceedings.'" (quoting *Mulbah*, 261 F.3d at 591)). Defendants were prejudiced by Plaintiff's conduct given that Plaintiff's failure to comply with the Magistrate Judge's Orders have, since the beginning of October, prevented this case from proceeding. Plaintiff was warned—twice—that his failure to comply could result in dismissal. *Cf. Schafer*, 529 F.3d at 737 ("'[P]rior notice, or lack thereof, is . . . a key consideration' in determining whether a district court abused its discretion in dismissing a case for failure to prosecute." (quoting *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998))). And although the Magistrate Judge did not impose less drastic sanctions prior to recommending dismissal, there is little reason to believe that less drastic sanctions would have induced Plaintiff's compliance given his defiance of the Magistrate Judge's existing Orders and his continued refusal to submit a copy of his account statement even in response to the present Report and Recommendation. *Cf. Rogers*, 302 F. App'x at 378 ("[I]n light of Plaintiff's repeated failure to appear, it is difficult to conceive the manner in which any other sanction imposed by the Court would impact the Plaintiff's conduct." (quoting the district court)). This is, in short, a case featuring a clear record of contumacious conduct.

### 2. Additional Arguments

Plaintiff raises various additional arguments. They are, however, undeveloped and largely incoherent. Plaintiff argues, for example, that Defendants failed to file a document, "the original process," that complies with the Fourth Amendment and 28 U.S.C. § 1738; that the Court lacks jurisdiction over this case; that the Magistrate Judge relied on a "partial statute"; that the Clerk of

6

Court failed to issue him "the six summons, sent to be signed and sealed by the clerk"; that Plaintiff is "fully protected by the Fourth Amendment because no factual proof exists of criminal behavio[]r"; that Plaintiff has not received the subpoenas that he requested; that the Court must "follow the will and intent of Congress"; that differences exist between law and fact; and that a lawsuit brought under 28 U.S.C. § 1985 "cannot be defeated by the forms of local practice." (*See* Dec. 21, 2016 Obj. at 1–4 [ECF No. 8].) Given the inchoate nature of these arguments, the Court need not consider them. *See McPherson v. Kelsey*, 125 F.3d 989, 995 (6th Cir. 1997) ("'[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" (quoting *Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n*, 59 F.3d 284, 293–94 (1st Cir. 1995))).

### III.

For the reasons stated above, Plaintiff's Objection [ECF No. 8] is **OVERRULED**, the Magistrate Judge's Report and Recommendation [ECF No. 6] is **ADOPTED** and **AFFIRMED**, Plaintiff's Motion for Leave to Proceed in Forma Pauperis [ECF No. 1] is **DENIED**, and this case is **DISMISSED**.

IT IS SO ORDERED.

1-30-2017
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

7